**\*\*E-filed 07/13/2010\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

URSULA MCCOMAS, et al.,

        Plaintiffs,

  v.

EARL L. WALLACE, et al.,

        Defendants,

_____/

No. C 10-2622 RS

**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING FOR PRELIMINARY INJUNCTION**

This a putative class action in which a large number of named plaintiffs have sued many individual attorneys and law firms, asserting violations of the Fair Debt Collection Practices Act and related claims arising from foreclosure and eviction efforts taken against plaintiffs' homes. Two plaintiffs, Jim and Danielle Earl, now move for a temporary restraining order and preliminary injunction, or in the alternative, a stay of state court proceedings, in connection with their eviction from their home, following a non-judicial foreclosure and an unlawful detainer judgment that was entered against them. Although the Earls present a highly compelling story of the personal hardships they and their children are facing as the result of the eviction, they have not established that a temporary restraining order should issue here. In addition to all of the issues enumerated below, the fact that they did not file this motion until after the eviction, even though the action was pending before that time, weighs heavily against any conclusion that some additional delay involved in hearing the matter on preliminary injunction presents an undue hardship. Accordingly, the matter

shall be set for a preliminary injunction hearing on Tuesday, July 20, 2010, at 1:30 p.m., without prejudice to the Court's discretion to take the matter under submission without oral argument, pursuant to Civil Local Rule 7-1.  In light of the issues identified below, the Earls may file additional papers in support of the preliminary injunction no later than 4:00 p.m. on Thursday, July 15, 2010.  Defendants may file opposition no later than 12:00 p.m. on Monday, July 19, 2010. No reply shall be filed unless requested by further court order.

The following additional considerations supported this denial of a temporary restraining order, and presently appear to weigh against issuance of a preliminary injunction:

1.  The cases cited in the moving papers for the standards under which preliminary relief may be granted all predate *Winter v. N.R.D.C., Inc.*, 129 S. Ct. 365 (2008).  While it is true that the Ninth Circuit standards prior to *Winter* permitted a preliminary injunction to issue where only "serious questions" on the merits had been shown, provided the showing of irreparable harm was high enough, post-*Winter* a plaintiff seeking a preliminary injunction must establish that he or she is likely to succeed on the merits *and* is likely to suffer irreparable harm in the absence of preliminary relief, as well as that the balance of equities tips in his favor, and that an injunction is in the public interest.  *Winter*, 129 S. Ct. at 374.[1]

2.  The Earls have moved for relief as against *all* the named defendants in this action, even though it appears most of them had no involvement in or connection to the foreclosure and eviction proceedings involving the Earls.

3.  Even assuming the motion is limited to the particular attorneys involved with the Earls, it is unclear on what basis the particular injunctive relief sought could be entered against

---

[1]  In *American Trucking Association v. City of Los Angeles*, the Ninth Circuit acknowledged that *Winter* rejected the Ninth Circuit's preliminary injunction standard as "too lenient."  559 F.3d 1046, 1052 (9th Cir. 2009).  The Ninth Circuit then recited *Winter*'s standard (which speaks only of a "likelihood" of success) and insisted that, "[t]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable."  *Id.  See also McDermont v. Ampersand Pub., LLC*, 593 F.3d 950, 965 (2010) (noting where district court erroneously applied the pre-*Winter* standard, that "serious" questions going to the merits "would not be enough to support the entry of a preliminary injunction, regardless of the other factors").

those attorneys. Plaintiffs assert that this entire action was brought in light of the Supreme Court's recent holding in *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S.Ct. 1605 (2010). Plaintiffs contend *Jerman* stands for the proposition the attorneys may be held personally liable under the FDCPA in circumstances like these. In *Jerman*, however, there was no foreclosure or eviction. An attorney had initiated a *judicial* foreclosure under Ohio law, but dismissed the suit after being advised that the debt had actually been paid off. 130 S.Ct. at 1609. The *Jerman* plaintiff then brought suit regarding an alleged FDCPA violation within a "notice" that had been served with the foreclosure action. *Id.* There was no dispute in *Jerman* that an attorney engaging in debt collection activities is potentially liable under the FDCPA. The only issue decided by the *Jerman* court was whether an attorney's mistake of *law* (as opposed to a mistake of fact) can ever be a "good faith mistake" that does not give rise to liability. *See Jerman*, 130 S.Ct. at 1608. ("This case presents the question whether the "bona fide error" defense in § 1692k(c) applies to a violation resulting from a debt collector's mistaken interpretation of the legal requirements of the FDCPA.") The notion that plaintiffs may have claims *for damages* against any of the defendants here who violated the FDCPA, is unremarkable. Nothing in *Jerman*, however, supports a claim for injunctive relief to stop foreclosure proceedings, whether or not an eviction has already taken place.

4. Moreover, even assuming the Earls would have had a right under their state law claims to injunctive relief to stop the attorneys from proceeding with their collection efforts, the foreclosure, the unlawful detainer case, or the subsequent eviction pursuant to the writ of possession, they have not explained what effective injunctive relief against these defendants could be issued at this juncture. Indeed, their notice of motion merely seeks an injunction restraining defendants from "instituting, commencing or proceeding with" any eviction of the Earls from their home. As the motion elsewhere reveals that the eviction has already taken place and that Earls are living in a motel, the motion, by its own terms, is moot.

5. To the extent the Earls are seeking some other form of injunctive relief, notwithstanding their notice of motion, such as restoring them to possession, they have not shown how these defendants would be the proper persons to seek such relief against.

6. The Earls assert that it is "commonly known that securitizers create fraudulent documents to foreclose" and that "[t]hey did so in this case." The Earls' subsequent description of the various title documents includes a variety of conclusory assertions that some of them are fraudulent or there is no evidence that they were executed with proper authority. To the extent the Earls are complaining about a lack of evidence to support documents that are regular on their face, they mistake their burden of proof at this juncture. To the extent the Earls are arguing that the alleged fraud is discernable on the face of the documents, they have not adequately explained their contentions.

7. To the extent that the Earls seek the alternative relief of having state court proceedings stayed, they face the same mootness problem as with their injunction. It does not appear there are any ongoing state court proceedings to be stayed, even assuming the *serious* jurisdictional barriers to a federal court staying state court proceedings could be overcome.

8. To the extent the Earls were only attempting to restrain the actions of attorney defendants, or are only seeking damages from them, no obvious venue problem appears. To the extent, however, that they seek to affect the Superior Court proceedings or the title to the property at issue, it is not apparent that they could pursue such matters in this district.

Accordingly, the motion for a temporary restraining order is denied, and briefing on the motion for a preliminary injunction shall proceed as set out above.

IT IS SO ORDERED.

Dated: 07/13/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

4