**\*\*E-filed 07/20/2010\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

URSULA MCCOMAS, et al.,

        Plaintiffs,

  v.

EARL L. WALLACE, et al.,

        Defendants,
                                       /

No. C 10-2622 RS

**ORDER DENYING PRELIMINARY INJUNCTION**

On July 13, 2010, the Court entered an order denying the application of plaintiffs Jim and Danielle Earl for a temporary restraining order, and setting an expedited briefing schedule and hearing on their motion for a preliminary injunction. Pursuant to Civil Local Rule 7-1(b), the motion for preliminary injunction has been taken under submission without oral argument.

The July 13, 2010 order enumerated at least eight reasons preliminary relief appeared unwarranted, and invited plaintiffs to respond. Plaintiffs' supplemental brief addressed only two issues, including one *not* raised by the Court—i.e. , the propriety of giving injunctive relief to only a subset of the named plaintiffs.[1]  As to venue, even assuming that plaintiffs are correct that actions

---

[1] The July 13th order did question the fact that the motion appeared to seek relief *against* all named *defendants*, despite the fact that most of them had no involvement with the Earls, the moving parties. As the order noted, however, even assuming the motion only sought relief against the defendants who had taken action against the Earls, numerous other barriers preclude granting the motion.

affecting title to real property may in some instances be brought in other venues, their failure to show that such relief is otherwise warranted renders the point moot.

Finally, plaintiffs continue to argue that this Court can and should "stay" the state court proceedings, despite the jurisdictional hurdles for doing so, and despite the fact that there do not appear to be any ongoing proceedings to stay. It appears plaintiffs are suggesting that they will exercise "self-help" and re-take possession of their former home despite the writ of possession previously executed, and that they would then rely on a "stay" from this Court to avoid any new writs of possession being issued. Plaintiffs have offered no authority in support of this extraordinary concept. The motion for preliminary injunction or to stay the state court proceedings is denied.

IT IS SO ORDERED.

Dated: 07/20/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE