**\*\*E-filed 08/13/2010\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| URSULA MCCOMAS, et al.,<br><br>        Plaintiffs,<br>    v.<br><br>EARL L. WALLACE, et al.,<br><br>        Defendants,<br>_____/ | No. C 10-2622 RS<br><br>**ORDER RE BRIEFING ON MOTION FOR LEAVE TO SEEK RECONSIDERATION** |

    Pursuant to Civil Local Rule 7-9, plaintiffs Jim and Danielle Earl request leave to file a motion for reconsideration of the denial of their motion for a preliminary injunction. Good cause appearing, no later than 5:00 p.m. on August 18, 2010, plaintiffs shall file a supplemental brief addressing the following points:

    1. Plaintiffs acknowledge that Conejo Capital Partners, LLC, the present owner of record of the property at issue is not "subject to this Court's equitable powers," as it is not a named defendant herein. Notwithstanding plaintiffs' contention that Conejo did not lawfully obtain title, what authority, if any, supports the notion that the Court may in effect deprive Conejo of possession of property as to which it is the owner of record without at least providing it the opportunity to be heard?

    2. Similarly, plaintiffs' papers appear directed at showing, (a) they have a likelihood of success against the attorney defendants for violations of the Fair Debt Collections Act and other

claims, and; (b) that the foreclosures were unlawful.  Plaintiffs have still failed to explain adequately how their claims against the named defendants, even if proven, will entitle them to set aside the foreclosure sales, at least in the absence of other defendants such as the purchasers and the lenders.  As preliminary relief ordinarily must be closely related to the final relief plaintiffs would obtain upon prevailing on the merits, this appears to present a substantial barrier to the relief they seek.  In other words, even if plaintiffs can prove a *damages* claim against these defendants, that will not, in and of itself, necessarily entitle them to set aside the foreclosure sales in this action as presently constituted.  While plaintiffs appear to contend that these defendants' alleged statutory violations rendered all subsequent foreclosure proceedings unlawful and void, that does not automatically mean that the sales can be set aside in the absence of other affected parties.

3. Finally, as plaintiffs correctly note, at this juncture at least, there does not appear to be any defect in venue to the extent that plaintiffs seek injunctive relief directed against named defendants herein.  Plaintiffs, however, are continuing to request an order staying the proceedings of the Ventura County Superior Court, and involving real property situated in that county.  Why would this be an appropriate venue to seek such relief?

No later than 5:00 p.m. on August 20, 2010, defendant Stanley Yates shall file a response to plaintiffs' request for leave to seek reconsideration, addressing only the propriety of allowing the motion for reconsideration to be filed.  In the event leave to file the motion for reconsideration is granted, a briefing schedule for addressing the merits of the motion for reconsideration will be established.

IT IS SO ORDERED.

Dated: 08/13/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE