```
1   LARRY ROTHMAN & ASSOCIATES
    LARRY ROTHMAN – State Bar No. 72451
2   City Plaza
3   1 City Boulevard West, Suite 850
    Orange, California 92868
4   (714)  363 0220  Telephone
5   (714)  363 0229   Facsimile
6   tocollect@aol.com     e-Mail

7

8   Attorneys for the Defendant:
    STEVEN D. SILVERSTEIN
9   sued also as SILVERSTEIN  EVICTION  LAW
10
11
12
13
                    UNITED STATES DISTRICT COURT
14
15  NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION
```

| | |
|---|---|
| URSULA MCCOMAS, an individual; GREGORY STRANGE, an individual; DEBORAH MCINTYRE, an individual; IMSOON KIM, an individual; TIMOTHY HIROU, an individual; NORA HIROU, an individual; RENE ZEPEDA, an individual; OTILIA ZEPEDA, an individual; CARLOS MARROQUIN, an individual; SUSANA MARROQUIN, an individual; TRUNO TAN HUYNH, an individual; THUY THANH NGUYEN, an individual; CUONO TAN NGUYEN, an individual; DAVEE. PEREZ, an individual; VIRGINIA V. PEREZ, an individual; MARIE C. LIME, an individual; ANNIE ANH NGUYEN, an individual; | Case No: CV 02622-RS<br><br>**BRIEF SUPPORTING RULE 11 SANCTIONS AGAINST MICHAEL T. PINES**<br><br>**(F.R.C.P. Rule 11)** |

1

**BRIEF SUPPORTING RULE 11
SANCTIONS AGAINST
MICHAEL T. PINES**                                               Case No: CV 02622-JL

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27 | JULIANN MINH-THAO TRAN, an individual; THANH NOOC BUI, an individual; THANH THI NGUYEN, an individual; TAMIE HUYNH, an individual; JIM EARL, an individual; DANIELLE EARL, an individual; HUE THI CAM PHAM, an individual; RACHAEL EARL, an individual, NANCY SHA Wan individual, MCCELL SHAW, an individual, STEPHEN DAY, an individual,<br><br>                              Plaintiffs,<br>vs.<br><br>EARL R. WALLACE, an individual; RUZICKA & WALLACE, LLP, a California law firm; LUNDBERG AND ASSOCIATES, a Utah law firm; DEANNA 1. WARDEN, an individual; RICHARD GUNNERSON, an individual; DEMARTINI AND WALKER, a California law .firm;., VINCENT J. DEMARTINI an individual: BARRETT SCHAEFER, an individual; LEWITT, HACKMAN, SHAPIRO, MARSHALL &HARLAN, a California law firm; NICHOLAS KANTOR, an individual; NAIMAN LAW) GROUP, a California Law Firm; RANDALL NAIMAN, an individual; MALCOLM AND CISNEROS, a California Law Corporation; WILLIAM G. MALCOLM, an individual; NICOLAS BRUTOCAO, an individual; KEVIN HAHN, an individual; MILES, BAUER, BERGSTROM & WINTERS, LLP, a California Partnership; RYAN W. STOCKING, and individual; SILVERSTEIN EVICTION LAW, | |

**2**

28

**BRIEF SUPPORTING RULE 11
SANCTIONS AGAINST
MICHAEL T. PINES**                                              **Case No: CV 02622-JL**

California law firm; STEVEN D. SILVERSTEIN, an individual; JACKSON & ASSOCIATES, a California law firm; ROBERT J. JACKSON, an individual; DAVID J. BOYER, an individual; DOUG V. PHAM, an individual; LAW OFFICES OF LES ZIEVE, a California law firm; LES ZIEVE, an individual; JAMES KNOLES, an individual; ENDRES LAW FIRM, a California law firm; DAVID R. ENDRES, an individual; PITE DUNCAN, LLP, a California law firm; STEVE W. PITE, an individual; JOHN D. DUNCAN, an individual; DAVID E. MCALLISTER, an individual; PETER J. SALMON, an individual; JASON W. SHORT, an individual; SIMIS LAW GROUP, a California law firm; MICOLE SIMIS, an individual; STANLEY YATES, TIFFANY & BOSCO, P.A., an Arizona law firm; MARK S. BOSCO, an individual; GAYLE E. JAMESON, an individual; JESSICA PARTRIDGE, an individual; REBECCA CARLE, an individual; MCCARTHY AND HOLTHUS, LLP, a partnership; JOHN SAGINA W, an individual, AMY STARRETT, an individual; ROBERT JACKSON AND ASSOCIATES, INC., a corporation; and DOES 120 through 200, inclusive,

        Defendants.

**3**

**BRIEF SUPPORTING RULE 11**
**SANCTIONS AGAINST**
**MICHAEL T. PINES**                       **Case No: CV 02622-JL**

TO THE COURT, PLAINTIFFS, ALL PARTIES AND THEIR ATTORNEYS OF RECORD :

Defendant, STEVEN D. SILVERSTEIN sued also as SILVERSTEIN EVICTION LAW moves and requests this Court to sanction Michael T. Pines under *Federal Rules of Civil Procedure*, Rule 11. In Accordance with F.R.C.P. Rule 11, a Motion was served upon Mr. Pines through ECF. Mr. Pines did not dismiss the case within 21 days of being served.

**The Complaint is a *mish mosh* of convoluted facts and inaccuracies.**

This is an action which seeks to penalize the instigation and conduct of one unlawful detainer proceeding by making it actionable under Federal and State law. Basically, Plaintiffs are all borrowers who fell into default on their loans and, as a result, had the real property security for those loans sold through non-judicial foreclosures. Only one named Plaintiff was sued by this Movant and that case was filed in Orange County, California. The Plaintiffs make the unique argument that the subsequent filing and prosecution of unlawful detainer proceedings to force them to vacate is a collection of a debt and that, *as a result,* the attorneys and law firms who filed these unlawful detainer can be held liable for significant damages. The complaint makes generic allegations, without any specific, individual facts whatsoever, that the foreclosures which led to the sales

4

BRIEF SUPPORTING RULE 11
SANCTIONS AGAINST
MICHAEL T. PINES  Case No: CV 02622-JL

were unlawful (even though no court has ever so held) and that the unlawful detainer attorneys and firms should have somehow known that and refused to file the unlawful detainer actions.

In this regard, the complaint is silent as to any specific defects in an specific loan or foreclosure as to any named Plaintiff. Rather, this action is intended as a global indictment of all securitized loans without regard to the borrowers' individual experiences or failures to pay. However, this action is not brought against the lenders or securitizers but rather *solely* against the law firms and lawyers who dare to enforce the rights of the new owners of the properties to oust the former owners. None of these defendants had *an* involvement in the origination or sale of the loan, or (at least in most instances even the foreclosure sale itself; instead, they came in *after* the properties ha already been sold. Apparently, the theory here is that, if Plaintiffs can choke of the legal mechanism by which the new owners can lawfully obtain possession the properties, the Plaintiffs can keep their former properties rent and payment free. It is significant that, not a single Plaintiff was able to successfully stop the supposedly improper foreclosure sales before they occurred (otherwise, their would not have been a sale at all), rather these are all instances in which the sale in fact went forward and the property was sold. Plaintiffs thus are seeking to achieve

5

BRIEF SUPPORTING RULE 11
SANCTIONS AGAINST
MICHAEL T. PINES                                                                                              Case No: CV 02622-JL

through this action relief which they were either denied, or which they never even bothered to seek, in State Court. In the former instance, this would clearly be a improper collateral attack on State Court proceedings; in the latter, they may well have waived (or be estopped to assert) any right to bring such a challenge now.

**Plaintiffs failed to state a claim on which relief may be granted for each of their four Causes of Action alleged against Defendants.**

*FRCP Rule 12(b)(6)* holds that a complaint may be dismissed if it appears beyond doubt that plaintiff can prove no set of facts in support of its claim which would entitle it to relief. See *Conley v. Gibson, 355 U.S. 41, 45-46 (1957)* Further, according to "Moore's" *Moore's Federal Practice*, Vol. 2A, '12.07 Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain a judgment on a cause of action as alleged. See *Conley* v. *Gibson* (1957) 355 U.S. 41, 45-46; *see also, Gillespie v. Civilelli* (9th Cir. 1980) 629 F.2d 637, 640; DeLa *Cruz v. Tanney* (9th Cir. 1978) 582 F.2d45, 48, review *denied,* 441 U.S. 965 (1979).

 **The new standard of pleading is set forth in *Ashcroft v Iqbal* 556 U.S. ____,2009 WL 1361536 (May 18, 2009) in that the pleading standard of Twombly apply to all civil cases not just antitrust cases.** Moreover, the Court is not limited to the allegations of the complaint in ruling on a motion to dismiss but

can also consider any document attached to the complaint. See *Dunning v First Boston Corp* 815 F. 2d 1265, 1267 (9th Cir. 1987)

In this action, Plaintiffs have filed a 51 page Complaint that sheds no light on its claims. Plaintiff failed to meet the pleading standard of *Iqbal.*

Examining the allegations of the complaint in the instant action, it is readily apparent that the complaint falls far short of the pleading requirements needed to survive a motion to dismiss under FRCP 12(b)(6).

**1. The FDCP A Claim Is Deficient As Defendants Are Not Debt Collectors.**

The Fair Debt Collection Practices Act ("FDCPA") 15 USC 1692, et seq. applies to lawyers *only when* they are lawyers regularly engaged in consumer-debt collection litigation on behalf of creditor clients. Lawyers who merely file complaints in Unlawful Detainer against those who have had their residences foreclosed upon *cannot* be deemed 'debt collector(s)" under the FDCPA. The provisions of the FDCPA are inapplicable to the enforcement of security interests, such as in the context of the typical non-judicial home foreclosure. Moreover,

**2. The Rosenthal Act Claim Cannot Be Maintained Here Since Defendants, As Attorneys, Are Expressly Exempted from the Rosenthal Act, And Residential Mortgages Are Not a "Debt" under the Act.**

The purpose of the Rosenthal and Debt Collection Practices Act("RFDCPA") is

7

BRIEF SUPPORTING RULE 11
SANCTIONS AGAINST
MICHAEL T. PINES                                                               Case No: CV 02622-JL

"to prohibit debt collectors from engaging in unfair or deceptive practices in the collection of consumer debt . The RFDCPA expressly exempt attorneys from its scope. A residential mortgage loan does not qualify as a 'debt' under the RFDCPA. See *Cal. Civ. Code* § 1788.l(b), *Housseinzadehv. M.R.S. Associates, Inc"* (C.D. Cal. 2005) 387 F.Supp.2d. 1104, 1117, *Civil Code* §1788.2(c): "The term 'debt collector" ... does not include an attorney or counselor at law."

**3. There Is No Right of Action for Wrongful Foreclosure Against Defendants.**

The Movant did not handle a foreclosure.

**4. There is No Right of Action for Violation of Business and Professions Code § 17200.**

To bring a claim under California Business & Professions Code § 17200, *et seq.* (the "UCL"), a plaintiff must show either an (1) unlawful, unfair, or fraudulent business act or practice, or (2) unfair, deceptive, untrue, or misleading advertising, and the claim must be supported by facts described with reasonable particularity. Also, a UCL claim can only apply to ongoing conduct, relief is not available to remedy past conduct. *Mangini v, Aerojet-General CO/P,* (1991) 230 Cal. App, 3d 1125, 1155-56. The Movant has not engaged in any such conduct.

**5 The Complaint Should Have Been Dismissed for Violation of The Rooker-Feldman doctrine.**

In at least some instances, this action is clearly an attempt to pull an end-run around the restrictions of the Rooker-Feldman Doctrine which prohibit collaterally challenging proceedings in the State Court which were adversely decided to Plaintiffs. The "Rooker-Feldman" doctrine arises out of the U.S. Supreme Court case of *Rooker* v. *Fidelity Trust Co.,* (1923) 263 U.S. 413, and *District of Columbia Court of Appeals* v. *Feldman,* (1983) 460 U.S. 462.

## CONCLUSION

It is thus respectfully requested that this Court should set a hearing in order to provide Mr. Pines an opportunity to show cause why F.R.C.P. Rule 11 sanctions should not be assessed against him..

Respectfully submitted,

LARRY ROTHMAN & ASSOCIATES

Dated: October 5, 2010

S/LARRY ROTHMAN
_____
LARRY ROTHMAN,
Attorney for Defendant:
STEVEN D. SILVERSTEIN
sued also as SILVERSTEIN EVICTION LAW

# PROOF OF SERVICE

State of California, County of Orange:

I am employed in the county and state aforesaid. I am over the age of 18 and not a party to the within action; my business address is: 1 City Boulevard West, Suite 850, Orange, California 92868

On October 5, 2010, I served the foregoing document described as:
**BRIEF SUPPORTING RULE 11SANCTIONS AGAINST MICHAEL T. PINES**

on the parties listed below in this action by e-mailing each party in the ECF systems including Mr. Pines and mailing these papers by first class mail to Mr. Pines .

Michael T. Pines
PINES & ASSOCIATES
732 N. Coast Highway 101, Suite B
Encinitas, California 92024

[**X**]          **FEDERAL**.  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of United States and the State of California that the above is true and correct.

S/LARRY ROTHMAN

_____
LARRY ROTHMAN