WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
Robin Prema Wright, Esq., SBN 150984
Jonathan D. Fink, Esq., SBN 110615
Nicholas G. Hood, Esq., SBN 238620
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel.: (949) 477-5050; Fax: (949) 477-9200

James A. Murphy - 062223
Harlan B. Watkins - 176458
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA 94108-5530
Tel: (415) 788-1900
Fax: (415) 393-8087

Attorneys for Defendants RANDALL NAIMAN and
THE NAIMAN LAW GROUP

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| URSULA MCCOMAS, etc., et al., | Case No.: 3:10-cv-02622-RS |
| Plaintiffs, | [*Assigned to the Hon. Richard Seeborg*] |
| vs. | **JOINDER OF RANDALL NAIMAN AND THE NAIMAN LAW GROUP TO BRIEF OF WALLACE DEFENDANTS SUPPORTING POSITION THAT MOTIONS FOR FRCP, RULE 11 SANCTIONS AGAINST PLAINTIFFS AND THEIR COUNSEL SHOULD BE HEARD BY THIS COURT** |
| EARL R. WALLACE, etc., et al., | |
| Defendants. | *Complaint filed: June 15, 2010* |

///

///

-1-

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendants, RANDALL NAIMAN and the NAIMAN LAW GROUP (collectively the "Naiman Defendants"), hereby join in the Brief of the Wallace Defendants Supporting the Position that the Motions for *Federal Rules of Civil Procedure* ("FRCP"), Rule 11 Sanctions against Plaintiffs and their Counsel should be heard by this Court (the "Brief"), which was filed on or about October 4, 2010, as the Court's Document No. 86. In addition to all of the arguments set forth in the Brief, the Naiman Defendants provide the following supplemental arguments:

**I.** **This Court *can* issue FRCP, Rule 11 sanctions against Plaintiffs' counsel even *after* voluntarily dismissal of the entire action.**

As articulated in the Brief and referenced in this Court's September 22, 2010 Order Re Pending Motions, the United States Supreme Court, in *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 110 S.Ct. 2447 (1990), expressly held that FRCP, Rule 11 sanctions may be imposed *after* a plaintiff has voluntarily dismissed the action. Further, the 1993 amendment of FRCP, Rule 11, which added, inter alia, a 'Safe Harbor' provision, did not deprive the Court of its authority to impose Rule 11 sanctions after the voluntary dismissal of the action.[1]

**II.** **This Court *should* issue FRCP, Rule 11 sanctions against Plaintiffs' counsel.**

As expressly and explicitly set forth in the Naiman Defendants' Motion for FRCP, Rule 11 sanctions, the dilatory and frivolous conduct implemented and maintained by Plaintiffs' counsel, Michael T. Pines, warrants the imposition of Rule 11 sanctions - even after the voluntary dismissal of the entire action. In fact, the voluntary dismissal of the action, without any substantiated or credible justification, as well as Plaintiffs' and their counsel's implicit

---

[1] *See Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005) ("The signing requirement in Rule 11 makes clear that any attorney who, at any time, certified to the court that a pleading complies with Rule 11 is subject to the rule, even if the attorney later withdraws from the case."); *F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 577 (5th Cir. 2008) ("A district court may impose sanctions after a party or parties voluntarily dismiss their claims…since 'Rule 11 is designed to punish a party who has already violated the court's rules.'[Footnote omitted.]")

admission in the Notice of Dismissal that the action was prosecuted *without* the proper and necessary investigation, highlights Plaintiffs' counsel's dilatory and bad faith conduct. Moreover and as detailed in the Naiman Defendants' Rule 11 Motion, due to the sheer absence of legal and factual support of any kind, this action can only be perceived as a harassment of the named defendants and an improper attempt to thwart protected public participation (i.e., a SLAPP lawsuit).

Rule 11 exists to deter dilatory and bad faith filings, which are frivolous, legally unreasonable, without proper factual foundation and/or for an improper purpose.[2] The imposition of Rule 11 sanctions is further justified when, as was the case here, the attorney, law firm, and/or party is apprised of the Rule 11 violation under the pertinent 'Safe Harbor' provision, but elects to continually prosecute the dilatory and bad faith filing, thereby necessitating a Rule 11 Motion. If an attorney, law firm, or party can avoid Rule 11 sanctions by merely dismissing the action *prior* to the hearing on the Rule 11 Motion, but *after* the expiration of the 'Safe Harbor' time period, then the entire purpose of Rule 11 and its 'Safe Harbor' protection would be defeated.

The Naiman Defendants' Motion for Rule 11 sanctions not only demonstrates strict compliance with Rule 11's 'Safe Harbor' provision, but also details the continued dilatory and bad faith conduct of Plaintiffs' counsel, which justifies the imposition of Rule 11 sanctions against him. As a consequence, this Court *should* exercise its authority to rule on the Naiman Defendants' FRCP, Rule 11 Motion and, in doing so, impose Rule 11 sanctions against Plaintiffs' counsel; otherwise, Plaintiffs' counsel will <u>not</u> be properly deterred from repeating such improper conduct in the future.

///

///

///

---

[2] *See Warren v. Guelker,* 29 F.3d 1386, 1388 (9th Cir. 1994); *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 110 S.Ct. 2447 (1990).

JOINDER TO BRIEF RE FRCP, RULE 11 SANCTIONS
AGAINST PLAINTIFFS AND THEIR COUNSEL

## II. Conclusion

Based upon the foregoing, the Naiman Defendants respectfully request that this Court hear their FRCP, Rule 11 Motion, and, in doing so, award the Naiman Defendants monetary sanctions against Plaintiffs' counsel, Michael T. Pines, in the amount of $9,620.00 for his frivolous and bad faith filings.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: October 6, 2010   By:   */s/ Nicholas Hood*
T. Robert Finlay, Esq.,
Nicholas G. Hood, Esq.,
Attorneys for Defendants, RANDALL NAIMAN and the NAIMAN LAW GROUP

## PROOF OF SERVICE

I, Cindy A. Barragan, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660.

On October 7, 2010, I served the foregoing document described as **JOINDER OF RANDALL NAIMAN AND THE NAIMAN LAW GROUP TO BRIEF OF WALLACE DEFENDANTS SUPPORTING POSITION THAT MOTIONS FOR FRCP, RULE 11 SANCTIONS AGAINST PLAINTIFFS AND THEIR COUNSEL SHOULD BE HEARD BY THIS COURT** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

### SEE SERVICE LIST

[ ] (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Newport Beach, California. I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service pursuant to which practice the correspondence is deposited with the U.S. Postal Service the same day in the ordinary course of business.

[X] (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X] (BY OVERNITE EXPRESS - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Overnite Express with the delivery fees provided for.

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 7, 2010, 2010, at Newport Beach, California.

_____
Cindy A. Barragan

## SERVICE LIST

Michael T Pines, Esq.
Pines & Associates
732 N. Coast Highway 101, Suite B
Encinitas, CA 92024
760-642-0414; Fax: 760-301-0093
Email: michaelpines@gmail.com
*Attorneys for Plaintiffs*

William Guy Malcolm, Esq.
Malcolm & Cisneros
A Law Corporation
2112 Business Center Drive
Second Floor
Irvine, CA 92612
(949) 252-9400; Fax: (949) 252-1032
Email: bill@mclaw.org
*Attorneys for Defendants, Malcolm & Cisneros, William G. Malcolm, Nicolas Brutocao, and Kevin Hahn*

Larry Rothman, Esq.
Law Offices of Larry Rothman
1 City Blvd. West, #850
Orange, CA 92868
714-363-0220; Fax: 714-363-0229
Email: tocollect@aol.com
*Attorneys for Defendants, Silverstein Eviction Law and Steven D. Silverstein*

Laurie Howell, Esq.
The Endres Law Firm
2121 2nd Street, Suite C-105
Davis, CA 95618
(530) 750-3700; Fax: (530) 750-3344
Email: lhowelllucier@yahoo.com
*Attorneys for Defendants, Endres Law Firm and David R. Endres*