1 WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
2 Robin Prema Wright, Esq., SBN 150984
3 Jonathan D. Fink, Esq., SBN 110615
Nicholas G. Hood, Esq., SBN 238620
4 4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
5 Tel.: (949) 477-5050; Fax: (949) 477-9200

6
Attorneys for Defendants RANDALL NAIMAN; THE NAIMAN LAW GROUP;
7 TIFFANY & BOSCO, P.A. and MARK S. BOSCO

8 James A. Murphy - 062223
9 Harlan B. Watkins - 176458
MURPHY, PEARSON, BRADLEY & FEENEY
10 88 Kearny Street, 10th Floor
San Francisco, CA 94108-5530
11 Tel: (415) 788-1900
12 Fax: (415) 393-8087

13 Attorneys for Defendants RANDALL NAIMAN and
THE NAIMAN LAW GROUP
14

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| URSULA MCCOMAS, etc., et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>EARL R. WALLACE, etc., et al.,<br><br>    Defendants. | Case No.: 3:10-cv-02622-RS<br><br>[*Assigned to the Hon. Richard Seeborg*]<br><br>**JOINDER OF RANDALL NAIMAN, THE NAIMAN LAW GROUP, TIFFANY & BOSCO, P.A., AND MARK S. BOSCO TO BRIEF OF JACKSON AND WALLACE DEFENDANTS SUPPORTING POSITION THAT ANTI-SLAPP MOTION RE ATTORNEYS' FEES AND COSTS SHOULD BE HEARD BY THIS COURT**<br><br>*Complaint filed: June 15, 2010* |

-1-

JOINDER TO BRIEF OF JACKSON AND WALLACE DEFENDANTS SUPPORTING POSITION
THAT ANTI-SLAPP MOTION RE ATTORNEYS' FEES & COSTS SHOULD BE HEARD

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendants, RANDALL NAIMAN, the NAIMAN LAW GROUP (collectively the "Naiman Defendants"), TIFFANY & BOSCO, P.A. and MARK S. BOSCO (collectively the "Bosco Defendants"), hereby join in the Brief of the Jackson and Wallace Defendants Supporting the Position that the Anti-SLAPP Motions regarding attorneys' fees and costs should be heard by this Court (the "Brief"), which was filed on or about October 4, 2010, as the Court's Document No. 87. In addition to all of the arguments set forth in the Brief, the Naiman Defendants and the Bosco Defendants provide the following supplemental arguments:

**I. This Court *can* award attorneys' fees and costs to the Naiman and Bosco Defendants even though their respective Anti-SLAPP Motions were not heard due to Plaintiffs' voluntary dismissal of the entire action.**

This Court *can* consider the merits of, and award attorneys' fees and costs based upon, the Naiman and Bosco Defendants respective Anti-SLAPP Motions, pursuant to California *Code of Civil Procedure* Section 425.16, even though Plaintiffs have voluntarily dismissed the entire action prior to the hearings on those Motions.[1]

This legal premise has been recognized by this District Court for the Northern District of California in *Optinrealbig.com, LLC v. Ironport Systems, Inc.*, Not Reported in F.Supp.2d, 2004 WL 1737275 at *2 (N.D. Cal., Jul. 28, 2004) as follows:

> "…in *Liu v. Moore*, 69 Cal.App.4th 745, 750, 81 Cal.Rptr.2d 807 (1999) the court held that where a plaintiff voluntarily dismissed a defendant while the defendant's anti-SLAPP Motion was pending, even if the voluntary dismissal was a matter of right, **the defendant could nevertheless have the motion heard**." (Emphasis added.)

---

[1] *See Law Offices of Andrew L. Ellis v. Yang*, 178 Cal. App. 4th 869, 879; and *Liu v. Moore,* 69 Cal. App. 4th 745, 750, (1999); *ARP Pharmacy Services, Inc. v. Gallagher Bassett Services, Inc.,* 138 Cal. App. 4th 1307, 1323 (2006) ("A plaintiff may not avoid liability for attorney fees and costs by voluntarily dismissing a cause of action to which an anti-SLAPP motion is directed.").

-2-

JOINDER TO BRIEF OF JACKSON AND WALLACE DEFENDANTS SUPPORTING POSITION THAT ANTI-SLAPP MOTION RE ATTORNEYS' FEES & COSTS SHOULD BE HEARD

As the District Court for the Central District of California recently held in *eCash Technologies, Inc. v. Guagliardo,* 210 F.Supp.2d 1138, 1155 (C.D.Cal.,2001):

> "[T]he law in California is clear that even though these [Anti-SLAPP] claims were voluntarily dismissed, this does not absolve the Defendants [who are alleging the Anti-SLAPP claims] of liability for fees and costs incurred by Plaintiff in striking these counterclaims. *See, e.g.*, *Kyle v. Carmon*, 71 Cal.App.4th 901, 918-19, 84 Cal.Rptr.2d 303 (1999) (affirming award of attorneys' fees following voluntary dismissal); *Liu v. Moore*, 69 Cal.App.4th 745, 755, 81 Cal.Rptr.2d 807 (1999) (voluntary dismissal does not preclude award of attorneys' fees); *accord Coltrain v. Shewalter*, 66 Cal.App.4th 94, 107-108, 77 Cal.Rptr.2d 600 (1998)."

Consequently, this Court may consider the merits of the Naiman and Bosco Defendants' respective Anti-SLAPP Motions, and, in doing so, must award attorneys' fees and costs to these respective Defendants if they are deemed the Motions' "prevailing parties". See *eCash Technologies, Inc.*, 210 F.Supp.2d at 1154, citing California *Code of Civil Procedure* Section 425.16(c)(1) (a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs).

## II. **This Court *should* hear the Naiman and Bosco Defendants' respective Anti-SLAPP Motions and, in doing so, award each their attorneys' fees and costs for having to bring such Motions.**

This Court *should* hear the Naiman and Bosco Defendants' respective Ant-SLAPP Motions because there is a <u>strong public policy</u> against the filing of Anti-SLAPP claims. *Code of Civil Procedure* Section 425.16(a) expressly and explicitly states:

> "The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. The Legislature finds and declares that **it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process**. To this end, this section shall be construed broadly." (Emphasis added.)

-3-

JOINDER TO BRIEF OF JACKSON AND WALLACE DEFENDANTS SUPPORTING POSITION
THAT ANTI-SLAPP MOTION RE ATTORNEYS' FEES & COSTS SHOULD BE HEARD

The importance of maintaining and enforcing this strong public policy, even after the dismissal of the underlying action, was previously recognized by the Northern District of California in *Optinrealbig.com, LLC,* 2004 WL 1737275 at *2-3:

> "Denying consideration of the anti-SLAPP Motion:
>
>> constitutes a nullification of an important part of California's anti-SLAPP legislation. If indeed respondents' cross-complaint against appellant is a SLAPP suit, then the court's decision to not hear the merits of appellant's motion to strike **deprives appellant of the monetary relief which the Legislature intended to give her**, while at the same time it **relieves respondents of the punishment which section 425.16 imposes** on persons who use the courts to chill others' exercise of their constitutional rights."[2] (Emphasis added.)

Consequently, this strong public policy against Anti-SLAPP claims favors this Court's consideration of, and ruling upon, the Naiman and Bosco Defendants' respective Anti-SLAPP Motions.

Additionally, the Court should award the Naiman and Bosco Defendants the attorneys' fees and costs they respectively incurred in having to bring their Anti-SLAPP Motions. As set forth in their respective Anti-SLAPP Motions, the Naiman and Bosco Defendants have made a *prima facie* showing that Plaintiffs' claims against them are a SLAPP suit arising from protected activity, and Plaintiffs have <u>no</u> probability of success on the merits of their claims. In fact, the lack of merit of Plaintiffs' claims is highlighted by their own voluntary dismissal of the action, *without* any substantiated justification. This can only be perceived as an attempt to avoid the ramifications of the pending Anti-SLAPP Motions, which, as set forth above, is simply <u>not</u> permissible as a matter of law.

Therefore, the Naiman and Bosco Defendants should be deemed "prevailing parties" regarding their Anti-SLAPP Motions and awarded the reasonable attorneys' fees and costs they respectively incurred for having to bring such Motions.

---

[2] Quoting *Liu v. Moore*, 69 Cal.App.4th 745, 748.

-4-

JOINDER TO BRIEF OF JACKSON AND WALLACE DEFENDANTS SUPPORTING POSITION
THAT ANTI-SLAPP MOTION RE ATTORNEYS' FEES & COSTS SHOULD BE HEARD

### III. Conclusion

Based upon the foregoing, the Naiman and Bosco Defendants respectfully request that this Court award them the reasonable attorneys' fees and costs they respectively incurred in bringing their Anti-SLAPP Motions.

                                                    Respectfully submitted,

                                                    WRIGHT, FINLAY & ZAK, LLP

Dated: October 6, 2010          By:     */s/ Nicholas Hood*
                                                          T. Robert Finlay, Esq.,
                                                          Nicholas G. Hood, Esq.,
                                                          Attorneys for Defendants, RANDALL NAIMAN
                                                          and the NAIMAN LAW GROUP

-5-

JOINDER TO BRIEF OF JACKSON AND WALLACE DEFENDANTS SUPPORTING POSITION
THAT ANTI-SLAPP MOTION RE ATTORNEYS' FEES & COSTS SHOULD BE HEARD

## PROOF OF SERVICE

I, Cindy A. Barragan, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660.

On October 7, 2010, I served the foregoing document described as **JOINDER OF RANDALL NAIMAN, THE NAIMAN LAW GROUP, TIFFANY & BOSCO, P.A., AND MARK S. BOSCO TO BRIEF OF JACKSON AND WALLACE DEFENDANTS SUPPORTING POSITION THAT ANTI-SLAPP MOTION RE ATTORNEYS' FEES AND COSTS SHOULD BE HEARD BY THIS COURT** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

### SEE SERVICE LIST

[ ]   (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Newport Beach, California. I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service pursuant to which practice the correspondence is deposited with the U.S. Postal Service the same day in the ordinary course of business.

[X]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]   (BY OVERNITE EXPRESS - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Overnite Express with the delivery fees provided for.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 7, 2010, 2010, at Newport Beach, California.

Cindy A. Barragan

## SERVICE LIST

Michael T Pines, Esq.
Pines & Associates
732 N. Coast Highway 101, Suite B
Encinitas, CA 92024
760-642-0414; Fax: 760-301-0093
Email: michaelpines@gmail.com
***Attorneys for Plaintiffs***

William Guy Malcolm, Esq.
Malcolm & Cisneros
A Law Corporation
2112 Business Center Drive
Second Floor
Irvine, CA 92612
(949) 252-9400; Fax: (949) 252-1032
Email: bill@mclaw.org
***Attorneys for Defendants, Malcolm & Cisneros, William G. Malcolm, Nicolas Brutocao, and Kevin Hahn***

Larry Rothman, Esq.
Law Offices of Larry Rothman
1 City Blvd. West, #850
Orange, CA 92868
714-363-0220; Fax: 714-363-0229
Email: tocollect@aol.com
***Attorneys for Defendants, Silverstein Eviction Law and Steven D. Silverstein***

Laurie Howell, Esq.
The Endres Law Firm
2121 2nd Street, Suite C-105
Davis, CA 95618
(530) 750-3700; Fax: (530) 750-3344
Email: lhowelllucier@yahoo.com
***Attorneys for Defendants, Endres Law Firm and David R. Endres***