Michael T. Pines (SBN 77771)
**PINES & ASSOCIATES**
732 N. Coast Highway 101, Suite B
Encinitas, California 92024
Telephone: 760-642-0414
Facsimile: 760-301-0093
michaeltpines@gmail.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URSULA MCCOMAS, an individual; *et. al.*, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>EARL R. WALLACE, an individual*; et al*,<br><br>Defendants. | CASE NO.: CV 10 2622 RS<br><br>**PLAINTIFFS' MOTION AND REQUEST FOR CONTINUANCE OF RULE 11/ANTI-SLAAP MOTIONS FOR PURPOSE OF LIMITED DISCOVERY**<br><br>**FILED WITH: DECLARATION OF MICHAEL T. PINES IN SUPPORT OF REQUEST**<br><br>Hon. Richard Seeborg |

**I. BRIEF INTRODUCTION**

This Court has been more than fair in its dealings in this matter, and for that plaintiffs are grateful. However, plaintiffs must unfortunately ask for the Court's indulgence once more. Due to various factors (to be described below), counsel was unable to file oppositions or responses of any kind to the multiple Rule 11 and Anti-SLAAP motions filed currently; this despite this Court laying out a briefing schedule in crystal clear language. Plaintiffs' counsel cannot apologize enough (though he will try). Let plaintiffs be clear: they want these hearings to go forward, because only then will they be able to fully present to this Court the various misdeeds, and unlawful and

-1-

unethical conduct perpetrated by defendants. Plaintiffs truly believe that once this Court hears such evidence not only will the current motions be denied, but that also the Court will have a fuller understanding of the current mortgage/foreclosure crisis and the various factors and machinations – perpetrated by defendants – that led to it.

However, even if the various factors to be discussed had not prevented plaintiffs from filing responses to the motions, they would not have filed oppositions: indeed, they would be making the exact same request as is being made now. Specifically, plaintiffs and the undersigned counsel request a continuance of the hearings so that discovery on a limited basis can be conducted and plaintiffs can gather the necessary information in order to ensure that this Court gets full and complete hearings on the motions. Without such discovery, plaintiffs and their counsel cannot adequately respond to the motions and would suffer prejudice in the extreme.

Furthermore, as explained in the accompanying declaration, the undersigned firmly believes that if this Court grants the instant motion and allows plaintiffs to conduct discovery (however limited), defendants in all likelihood will withdraw their motions. Plaintiffs' counsel believes this because he has experienced it first-hand in dealing with these identical defendant attorneys in the previous unlawful detainer actions for his clients. As one example, in the unlawful detainer case against my client Alicia Tippit, the attorney who filed the action, David Endres (the same David Endres with a motion for sanctions currently on file), promptly dismissed the action once the undersigned was successful in bringing a motion to compel his deposition testimony. (*See* Declaration of Michael T. Pines in Support of Motion (hereinafter "Pines Declaration"), ¶ 13).

In short, it is clear that defendants have no interest in allowing plaintiffs to conduct discovery.

## II. DISCUSSION

**A.** **Why Plaintiffs & Counsel Have Not Filed Responses Per The Court's Order**

Again, there can be no justification for plaintiffs' failure to get responses on file

-2-

per this Court's briefing schedule (*see* Docket Item # 84, Order), and the facts contained in counsel's supporting declaration – and offered here – are no excuse. Rather, they are provided as an explanation; an explanation that plaintiffs hope this Court understands and accepts.

When plaintiffs decided to dismiss their action, one overriding reason was that events surrounding the instant foreclosure crisis were changing rapidly. News stories began to break on a daily basis regarding the conduct of foreclosing banks that cast real and substantial doubt as to the legality of those foreclosures. The attorney generals of multiple states were beginning to crank up investigations; class actions against MERS (the semi-hidden private entity at the heart of this crisis) were increasingly being filed. With the revelations and allegations of wrongdoing coming out on a daily basis, plaintiffs and their counsel began to reconsider both their causes of action and their legal strategy; it was decided that individual actions – rather than a class action – would be the wiser way to proceed., ¶¶ 4-5. There is nothing wrong or even remotely suspicious about this.

In addition, at the center of this storm of news and events was the undersigned, plaintiffs' counsel Michael Pines.

When the stories began to break, suddenly everyone – from a local and state level to a national level – wanted to interview Mr. Pines (who, previously, was often seen as a crazed man howling at the moon, spinning nonsensical tales of banks wrongfully foreclosing on a massive scale heretofore unseen). At the same time, Mr. Pines' telephone began ringing non-stop with clients clamoring for help (for which help Mr. Pines has a difficult time saying "no" to). There was turnover in counsel's office. In short – and being only slightly overdramatic – the work life of the undersigned became a mini-storm itself. (*See* Pines Declaration, ¶¶ 8-10)

All of this is to say that Mr. Pines simply could not get adequate responses on file per this Court's Order due to circumstances that he could not have predicted. Furthermore, even if Mr. Pines did have the time to file responses, he would *not* have

filed said responses or opposition. Instead, he would have filed a motion exactly like the instant one: a request to continue the hearing on the motions for ninety (90) days so that discovery – on a very limited basis, the substance of which (how many document requests, how many interrogatories, depositions, etc.) would be approved of by this Court – can be conducted and plaintiffs and the undersigned can gather the requisite information so as to fully and adequately respond to defendants' specious allegations in their motions. (*See* Pines Declaration, ¶ 11)

Make no mistake – plaintiffs and the undersigned want the current motions to be heard. However, in order to present the evidence against the defendants (and therefore show that Rule 11 sanctions are far from appropriate), they must be able to *gather* said evidence. Therefore, plaintiffs submit the instant motion and respectfully request that this Court grant it.

### B. Local Rule 6 Allows for Continuances In Such Circumstances

Pursuant to Local Rule 6, a party may move to enlarge the time to respond to a pending motion (in effect, a continuance) provided that along with the motion a declaration is filed that:

> (1) Sets forth with particularity, the reasons for the requested enlargement…
> (2) Describes the efforts the party has made to obtain stipulation to the time change;
> (3) Identifies the substantial harm or prejudice that would occur if the Court did not change the time…

Local Rule 6-3(a)(1)-(3). Plaintiffs will now discuss these factors.

**(1) Reasons for Request**

As explained, *supra*, plaintiffs and their counsel are requesting a continuance of the hearing(s) on the current Rule 11 and Anti-SLAAP motions of ninety days so that discovery may be conducted regarding the allegations in said motions (which, of

course, attack the allegations in plaintiffs' complaint).[1] Defendants' motions directly attack plaintiffs' assertions in their complaint, and therefore plaintiffs (and the undersigned counsel) should be allowed the opportunity to at least provide to this Court sufficient evidence such that it would be satisfied that plaintiffs' allegations were not without basis in both fact and law. For example, plaintiffs will seek documents and/or information on the following subjects:

- Proof that title in the individual plaintiff's case was perfected, as required by California law;
- The identity of all assignments and/or transfers of the individual plaintiff's deed of trust from the point of lending origin to foreclosure sale, along with documents to prove said assignments and/or transfers were valid and in compliance with the law;
- Explanations as to various inconsistencies in the paper trail of the individual plaintiff's deed of trust, including, but not limited to, inconsistencies with notarizations;
- Explanations of notarizations by persons not explicitly identified in the California Code as having authority to authenticate on behalf of corporations;
- Information as to who actually holds the promissory note connected with the individual plaintiff's deed of trust;
- Explanations as to how the MERS corporation could assign or transfer the individual plaintiff's deed of trust while purportedly acting as both an agent (or "nominee) *and* a principle.

(*See* Pines Declaration, ¶15). Plaintiffs and their counsel will also seek limited depositions. Specifically, those defendant attorneys who signed the original unlawful

---

1   Plaintiffs' counsel requests ninety days because having had experience with these defendants previously in the individual unlawful detainer actions, he is well aware that defendants will fight tooth and nail any attempt at discovery – as they did in those unlawful detainer actions (that is, in those such

detainer actions for each plaintiff who have a Rule 11 and/or Anti-SLAAP motion on file will be asked to sit for deposition, and asked to explain how they possibly could have had personal knowledge of all the factual allegations contained in those unlawful detainer complaints.

**(2) Stipulation**

Plaintiffs' counsel has asked all counsel with motions currently pending to stipulate to a continuance for the purpose of discovery. All parties declined to stipulate. (*See* Pines Declaration, ¶ 2)

**(3) Plaintiffs (And Their Counsel) Would Suffer Substantial Harm**

Defendants have filed motions challenging the allegations in plaintiffs' complaint, in effect arguing that the allegations were so baseless and without merit that sanctions against plaintiffs' counsel are warranted. Therefore, in order to demonstrate to this Court that the allegations in said complaint were (and are) not without merit – that they in fact had a reasonable basis in both fact and law – plaintiffs **must** be allowed to conduct some discovery in order to gather the necessary information to refute defendants' own baseless attack.[2] If such is not permitted and this Court grants defendants' motion, plaintiffs and their counsel will suffer substantial harm – the prejudice would be palpable.

As a final note, plaintiffs and the undersigned would direct this Court to the Advisory Committee Notes to Rule 11, which urge that a court limit the scope of sanction proceedings to the record and allow discovery only in extraordinary circumstances.[3] Plaintiffs and their counsel aver that the instant case is the paradigm of

---

actions where the state court judge even allowed discovery in the first place). Thus, plaintiffs' counsel anticipates that motions to compel may very well be necessary. (*See* Pines Declaration, ¶ 12-13)

2  It should be noted that once plaintiffs demonstrate that the allegations in their complaint do in fact have a reasonable basis in both fact and law, plaintiffs will pursue recovery of their costs to respond to these spurious motions *via* a 28 U.S.C. §1927 motion against defendants for vexatiously multiplying these proceedings *after* plaintiffs voluntarily dismissed their complaint.

3  Furthermore, as this Court is no doubt aware, a "district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

"extraordinary circumstances," which grow more extraordinary on a daily basis.

### III. CONCLUSION

If defendants insist on pursuing sanctions even after plaintiffs have voluntarily dismissed their lawsuit, then plaintiffs should be given the opportunity to gather and present to this Court the evidence necessary to refute defendants' requests for sanctions; equity and justice demand no less.

Dated: October 27, 2010                PINES & ASSOCIATES

_____
Michael T. Pines
Attorneys for Plaintiffs