Michael T. Pines (SBN 77771)
**PINES & ASSOCIATES**
732 N. Coast Highway 101, Suite B
Encinitas, California 92024
Telephone:  760-642-0414
Facsimile:  760-301-0093
michaeltpines@gmail.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URSULA MCCOMAS, an individual; *et. al.*, individuals, | Case No.:_ CV 10 2622 RS |
| Plaintiffs, | |
| v. | **DECLARATION OF MICHAEL T. PINES IN SUPPORT OF PLAINTIFFS' MOTION AND REQUEST FOR CONTINUANCE OF RULE 11/ANTI-SLAAP MOTIONS FOR PURPOSE OF LIMITED DISCOVERY** |
| EARL R. WALLACE, an individual*; et al*, | |
| Defendants. | Hon. Richard Seeborg |

I, Michael Pines, declare as follows:

1

Pines Declaration in Support of Plaintiffs' Motion to Continue          CV 10 2622 RS

1. I am an attorney duly licensed with the State Bar of California. I have been the attorney for the plaintiffs in this action since its inception, and was also the attorney for the individual plaintiffs during their state court unlawful detainer actions. I therefore have personal knowledge of the following:

2. Before filing this motion, my office contacted all of the defendants who have motions currently on file, and requested that they stipulate to a continuance of the motions so that discovery could allowed. All of them refused to enter into such a stipulation.

3. I am filing this motion (and this declaration) in order to request that this Court continue the Rule 11 and Anti-SLAAP motions that have been recently filed by a few of the defendants in this action following plaintiffs' voluntary dismissal. I am requesting a ninety (90) day continuance. The reasons for this request as well as the lengthy continuance are below.

4. As I am sure this Court is fully aware due to heavy coverage by all media, the foreclosure crisis of the past year or so is rapidly coming to a head. Within the last month, news stories have broken regarding foreclosing banks admitting to forging documents and/or rushing through foreclosures without even a modicum of fact checking to ensure that title to the foreclosed house was duly perfected, that title is in the correct (in a legal sense) hands, and, indeed, whether said banks even have the legal right to foreclose. Some of the biggest banks – Bank of America, GMAC – have been literally caught red-handed conducting improper and invalid foreclosures. Without meaning to dip into self-aggrandizement, I have to say that I have been predicting such a situation for most the past year, and have based my legal strategies in helping my clients on facts such as these.

5. Even before these news stories started to break, I was already re-considering my legal strategy regarding the plaintiffs in this action. Based upon consultation with them, we decided to dismiss the instant action and proceed with individual cases; that is, each plaintiff would file a distinct lawsuit against those entities involved in the foreclosure of

their home, asserting causes of action such as wrongful foreclosure, fraud, and quiet title. I therefore properly filed a Notice of Voluntary Dismissal with this Court.

6. Unfortunately, several of the defendants chose to continue to litigate this matter rather than walk away with the dismissal, filing Rule 11 motions for sanctions, along with SLAAP-related motions.

7. After ruling that it retains jurisdiction over the matter following dismissal to hear such motions, this Court set up a briefing schedule regarding the motions (Docket Item #84), instructing as to when opposition and reply briefs were to be filed.

8. At the time of this order, I was busier by a hundred-fold than I have ever been in my legal career. As I was prominent in the past year in asserting the exact wrongful actions that came to light with these recent news stories (indeed, I am sure there are judges who would wryly note that I was perhaps "too prominent"), I was suddenly in very high demand by the news media, both on a local and national level. I was interviewed by Bloomberg news services, CNN, the LA Times, among many, many others. Indeed, if this Court were to plug "Michael T. Pines" into a Google search, this Court will get a fairly decent idea of how crazy this past month or so has been for me.

9. In addition, because of these events I have been trying to as efficiently and rapidly as possibly grow my firm so that I can handle the many, many clients I have been inundated with, all seeking help regarding foreclosures or related matters. As I am extremely passionate about this area of law, pursue my legal theories zealously on behalf of my clients, and vigorously believe that what has occurred (and is still occurring) is nothing less than fraud on a massive scale, it is very difficult for me to say "no" to the people who contact me asking for help. To make matters worse, I have significant turnover in my staff in the last two months.

10. All of this, of course, is not to make excuses or justifications for my failure to file oppositions to the current motions by this Court's deadline. What I can say is that the activities of the past month have staggered my very small firm (and me) to an extent that

I could not have foreseen – it was simply impossible for me to get those oppositions on file.

11. Furthermore, even if I had the wherewithal (and time and staff) to have filed responses I would not have filed oppositions, but would have in fact filed exactly what I'm filing now: a motion pursuant to Local Rule 6 to continue the hearing(s) on these motions for the purpose of discovery.

12. Since defendants have the gall to attack me and my clients – asserting, essentially, that we pulled all of the allegations in the complaint completely out of thin air – it is only fair and right that some discovery be allowed so that plaintiffs can gather the minimum of information to show this Court that the was (and is) a reasonable basis in both fact and law to plaintiffs' allegations.

13. I should also apprise this Court that having had experience with all of these defendants before (in the form of representing the individual plaintiffs in the unlawful detainer actions filed against them by these same defendant attorneys), I can confidently state that these defendants have no interest in discovery whatsoever; they know that if discovery is allowed, facts will come to light that support – and indeed *prove* – my clients' claims. Indeed, in one of those unlawful detainer cases (Deutsche Bank v. Alicia Tippit, Case No. 37-2010-00038794, San Diego Superior Court, North County), I pursued discovery. In this instance – which is unfortunately rare – the judge allowed discovery. I noticed a deposition of the attorney who had signed the unlawful detainer complaint, defendant attorney David R. Endres, and he refused to appear. I filed a motion to compel. Upon the state court's granting of my motion, **Mr. Endres promptly dismissed the action** – what gets the feeling that Mr. Endres knew what a deposition would lead to. Of course, this Mr. Endres is the same Mr. Endres who currently has a motion in front of this Court for sanctions against me.

14. My firm belief that these defendants will fight discovery tooth and nail (based on first-hand experience) should inform this Court of two things: 1) what, exactly, are they reluctant to produce and/or testify to? and, 2) there is a high likelihood that they will

object to any discovery this Court allows and therefore a lengthy continuance is needed in case motions to compel are required.

15. As for the discovery, I feel that all would be required are interrogatories and documents requests, and perhaps 1-2 deposition per defendant. The subjects of this discovery would include: questions regarding title and why they did not question any of the clear and apparent irregularities in the paper-trail of the subject mortgages from point of origin to notice of foreclosure; identity of assignments and transfers of the subject deeds, along with facts showing that said transfers and assignments were in compliance with the law and therefore valid; information regarding the promissory notes connected with the subject deeds; information on defendants' use of, and/or connection to, the private entity known as MERS; and information regarding inconsistencies connected to the notarization of documents related to the subject deeds.

16. The information outlined above regarding discovery is necessary so that my clients and I can adequately respond to the spurious motions filed against us. It is my firm belief that these motions were filed for no other reason than to intimidate, and if defendants wish to challenge the allegations in the complaint, they should not complain when forced to answer to those allegations with discovery.

17. If the Court does not grant this motion, my clients and I will suffer substantial harm for the simple reason that we will not be able to gather and present to this Court evidence that shows the allegations in the complaint have a reasonable basis in both fact and law, and that defendants' motions are therefore without merit. I am well aware that in cases of requests for Rule 11 sanctions, discovery should only be allowed in "extraordinary circumstances." However, I would posit that if the current circumstances are not extraordinary, I am not sure just what exactly would qualify. I feel that this Court agrees with this assessment.

18. Finally, I would once again like to firmly state to this Court: *Mea culpa, mea culpa*. My clients are in no way to blame for my failure to file responses as instructed. Your Honor has been more than patient with this action, and I am truly grateful for this

Court's understanding of the extraordinary circumstances that my clients have been grappling with for the past several years.

I declare under penalty of perjury that the foregoing is true and correct to the best of my ability, and if called upon to testify I would do so competently.

Dated: October 27, 2010                    PINES & ASSOCIATES

_____
Michael T. Pines
Attorneys for Plaintiffs