**\*\*E-filed 10/29/2010\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

URSULA MCCOMAS, et al.,

        Plaintiffs,

v.

EARL L. WALLACE, et al.,

        Defendants,
_____/

No. C 10-2622 RS

**ORDER RE PLAINTIFFS' REQUEST FOR A CONTINUANCE**

        Plaintiffs voluntarily dismissed this action. Thereafter, on September 22, 2010, an order issued setting a schedule for further briefing limited to the specific issues of (1) whether the Court is obligated to decide the motions previously brought by certain defendants for attorney fees under Rule 11 and under the anti-SLAPP stautute, and (2) assuming that the Court is not obligated to decide the merits of those motions, whether or not it should exercise its discretion to do so. The September 22nd order expressly provided that opposition to the *merits* of the fees motions did not need to be filed, absent further order.

        Plaintiffs failed to file their brief by the deadline set forth in the September 22nd order. They have now filed a motion requesting, "a continuance of the hearing(s) on the current Rule 11 and Anti-SLAAP motions of ninety days so that discovery may be conducted regarding the allegations in said motions." Plaintiffs have failed to read the September 22nd order with sufficient care. Neither briefing on the merits of the Rule 11 and anti-SLAPP motions , nor any hearing on

those motions are presently scheduled. Plaintiffs will hereby be given an additional five days from the date of this order to file their responsive brief regarding the issues identified in the September 22nd order, and those matters will then be taken under submission without oral argument.

In the event the Court concludes that it will decide the merits of the Rule 11 motions and/or the anti-Slapp motions, it will issue a briefing schedule and hearing date. Plaintiffs are advised that the Court will *not* authorize discovery in connection with those motions. If the merits of the motions are heard at all, it will be as a post-dismissal collateral matter, and not as a proxy for litigating the claims plaintiffs voluntarily dismissed.

IT IS SO ORDERED.

Dated: October 29, 2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE