Michael T. Pines (SBN 77771)
**PINES & ASSOCIATES**
732 N. Coast Highway 101, Suite B
Encinitas, California 92024
Telephone:  760-642-0414
Facsimile:  760-301-0093
michaeltpines@gmail.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| URSULA MCCOMAS, in individual; *et al*, <br><br>　　　　Plaintiffs, <br><br>　　vs. <br><br>EARL WALLACE, an individual; *et al.,* <br><br>　　　　Defendants. | Case No.:_CV 10 2622 RS <br><br>**PLAINTIFFS' BRIEF RE: COURT ORDER OF OCTOBER 29, 2010 CONCERNING THIS COURT'S DISCRETION TO HEAR DEFENDANT MOTIONS POST-DISMISSAL** <br><br>**HON. JUDGE RICHARD SEEBORG** |

## BRIEF INTRODUCTION

In its October 29, 2010 Order, this Court instructed the parties to respond to two specific questions:

1)　　　Is this Court <u>obligated</u> to hear and decide the current Rule 11 and SLAPP motions filed post-dismissal of the instant action, or is such hearing at the Court's discretion? And

2)   Assuming the Court is not obligated to hear said motions, should the Court exercise its discretion to hear them?

With respect to the first question, plaintiffs will argue that this Court is in fact not obligated to hear the pending motions filed post-dismissal, but may do so at its discretion. With respect to the second question, plaintiffs respond that this Court should exercise its discretion and _decline_ to hear the motions at issue.  Despite defendants' arguments that the motions are collateral attacks only on the complaint (to wit, its filing in the first place), there can be no doubt that the motions go to the heart of the complaint: whether the facts alleged (and therefore the causes of action as well) have a reasonable basis in fact and law.  In order for plaintiffs to show that such is the case – and that the filing of the complaint is not a sanctionable action – plaintiffs would be forced to present evidence regarding those alleged facts, in effect forcing litigation of an action that has been dismissed.

Therefore, plaintiffs respectfully request that this Court exercise its considerable discretionary powers, and decline to hear these motions.[1]


## DISCUSSION

## A.   This Court Has _Discretion_ to Hear the Motions – It Is Under No Obligation to Do So

It seems clear to plaintiffs that all defendants have relied on the case cited by this Court in its September 22, 2010 Order (_Cooter & Gell v. Hartmarx Corp_. 496 U.S. 384 (1990)) for the proposition that this Court has _discretion_ to hear the subject motions.  No defendant actually argues that this Court **must** hear the motions, which was in fact the specific question asked by this Court.  (Indeed, it appears to plaintiffs that defendants spent the bulk of their responses actually arguing the _merits_ of their respective motions,

---

[1]  If it's any consolation to defendants, they will be able to re-file these motions again as the individual plaintiffs re-file complaints in state court against the same individual defendants.

Brief Re: Order of October 29, 2010                                    CV 10 2622 RS

and asking that this Court grant the motions and the requested fees.)  The reason that no defendant makes the argument that this Court must hear their motions is that *Cooter* does not stand for that proposition.

According to the facts as described by the Supreme Court in *Cooter*, after the subject petitioner had filed the underlying complaint at issue, respondent filed both a motion to dismiss and a Rule 11 motion for sanctions. *Cooter*, 496 U.S. at 2452. Petitioner then responded to the Rule 11 motion by filing an opposition, and the court took the motion under advisement.  Shortly thereafter, petitioner filed a voluntary dismissal pursuant to FRCP 41(a)(1)(i), and over three years later, the district court granted respondent's motion for sanctions. *Id.*

The Supreme Court ruled in *Cooter* that voluntary dismissal of a complaint does not divest a district court of jurisdiction to hear a Rule 11 motion regarding that complaint, and that therefore a district court may consider such a motion. *Id.* at 2455. For the purposes of this Court's inquiry, the word "may" is the key.  Nowhere in the opinion does the Supreme Court state that a district court must hear such motions, or that they are obligated to hear such motions post-dismissal of a lawsuit – only that their jurisdiction extends such that they "may" hear such motions: "The view more consistent with Rule 11's language and purposes, and the one supported by the weight of Circuit authority, is that district courts **may** enforce Rule 11 even after the plaintiff has filed a notice of dismissal under [federal] Rule 41(a)." *Id.* at 2455 (emphasis added).

Thus, plaintiffs argue that the correct response to this Court's first question, in accord with the Supreme Court in *Cooter*, is that this Court is <u>not obligated</u> to hear the motions currently on file post-dismissal of the instant action, but that it <u>may</u> do so at its discretion.

Plaintiffs now turn to the question of why this Court should decline to hear the subject motions.

///

///

Brief Re: Order of October 29, 2010                                                          CV 10 2622 RS

**B.    This Court Should Exercise Its Discretion And Decline to Hear the Subject Motions**

Unlike defendants, plaintiffs will not argue the merits of the Rule 11 or SLAPP motions on file with this brief.  Instead, Plaintiffs make the straightforward argument that allowing these motions to be heard now that the action has been dismissed – with absolutely no discovery conducted at all – would have the practical effect of forcing plaintiffs to show that the allegations in the complaint have a reasonable basis in fact and law, and that the causes of action are neither frivolous nor claimed for any harassing, or otherwise sanctionable, purpose. To do this, plaintiffs would have to present evidence for each of the claims involved; for example the documents relied upon prior to filing the instant action.

As much as defendants attempt to argue otherwise, their motions go to the heart of plaintiffs' complaint.  Indeed, their recent filings in response to this Court's Order support this view.  They are rife with statements that attack the complaint and the allegations within it: "…Plaintiffs' egregious complaint…" (Brief of Jackson and Wallace Defendants Re: Anti-SLAPP Motion, Docket Item # 87, p. 4); "Plaintiffs have no probability of success on their claims" (*Id*.); "…simply no basis for Plaintiffs nor their counsel to have even filed the instant litigation" (Brief of Wallace Defendants Re: Rule 11 Motion, Docket Item # 86, 4); "…Plaintiffs' counsel has raised claims which…not only have no reasonable basis in fact but are barred by applicable law"(*Id*. at p. 5).[2]

Therefore, in order to properly and adequately respond to such accusations, plaintiffs and their counsel will have to present evidence to support their factual

---

[2] Indeed, although plaintiffs fully understand defendants' inflammatory language from a legal strategy perspective, some of the assertions are downright baffling.  For instance, in their response regarding the Anti-SLAPP motion, the Jackson and Wallace defendants argue that since they have made a "*prima facie* showing that Plaintiffs' causes of action arose from" the protected conduct of an unlawful detainer, plaintiffs have no probability of success. (*See* Docket Item # 87, p. 4.)  This is puzzling in that the causes of action alleged by plaintiffs in their complaint were: wrongful foreclosure; violations of the FDCPA and the Rosenthal Act; and violation of Cal.Bus.Prof.Code section 17200.  In no way do any of these claims relate to an unlawful detainer.

Brief Re: Order of October 29, 2010                                          CV 10 2622 RS

allegations and their causes of action.  For example, with respect to the wrongful foreclosure cause of action, this will mean producing all of the paperwork dealing with each plaintiff's Deed of Trust – all the assignments, transfers, substitutions of trustees, notices of default, etc. – in order to demonstrate that in each case there were questionable and/or completely invalid assignments of interests in each deed, and that therefore the party that foreclosed had no legal authority to do so. As a reminder, the Earl plaintiffs presented such evidence in their Motion for Reconsideration submitted to this Court (*see* Motion for Reconsideration, Docket Item #45, pp. 21-23); plaintiffs and their counsel would have to do the same <u>for each plaintiff deed</u> in order to demonstrate that there was at least a reasonable basis in fact and law for the wrongful foreclosure cause of action. (The Earl plaintiffs also extensively briefed the law relating to those invalid transfers and assignments in that same brief, as this Court will also recall.)

This Court has made it exceedingly clear that it most certainly does not want these motions to act as a proxy for litigating the claims that plaintiffs <u>voluntarily</u> dismissed. However, judging from the defendants' recently filed responses to this Court's Order, plaintiffs feel certain that this is exactly what will have to occur (albeit to a limited extent) if this Court decides to hear the motions – there is simply no getting around this point.

Defendants repeatedly argue that they feel plaintiffs dismissed their action (or "tuck tail and run," as the Wallace defendants state in their brief; *see* Docket Item #86, p. 5, line 7) without any justification other than trepidation about dealing with the Rule 11 and SLAPP motions.  Not true.  As plaintiffs made clear in their (embarrassingly and erroneously filed) Motion to Continue, the sole reason for dismissing the action was a change in legal strategy due to the rapidly unfolding news and facts about the current foreclosure and mortgage crisis – it was decided that plaintiffs would be better served with filing individual actions in state court.  Make no mistake, defendants will have their day in court, and, if they wish, have their SLAPP and sanction motions heard; it will just not be in front of this Court.

Plaintiffs are sure that this Court is more than aware and cognizant of its broad, and discretionary, inherent powers. *See, e.g. Chambers v. Nasco, Inc.* 501 U.S. 32, 43 (1991) (stating that, "These [inherent and discretionary] powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases'"), *quoting Link v, Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).  Plaintiffs aver that the present circumstances are the perfect example of when a district court must exercise such broad powers in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases," and that this matter is ripe to be disposed of now.

## CONCLUSION

In summary: the instant action was dismissed before one iota of discovery could be conducted and is no longer in front of this Court; plaintiffs will be filing individual lawsuits in state court with nearly identical causes of action; and for this Court to exercise its discretion to hear the motions would lead to the inescapable result of plaintiffs and their counsel having to litigate the action to a certain extent in order to exonerate themselves to the satisfaction of this Court.  For all of these reasons, plaintiffs respectfully request that this Court exercise its inherent powers of discretion, and <u>decline</u> to hear the pending motions.

Dated:  November 3, 2010                    PINES & ASSOCIATES


                                            Michael T. Pines
                                            Attorneys for Plaintiffs

Brief Re: Order of October 29, 2010                    CV 10 2622 RS