**\*\*E-filed 3/30/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| URSULA MCCOMAS, et al., | No. C 10-2622 RS |
| Plaintiffs, | **ORDER RE ATTORNEY FEE MOTIONS** |
| v. | |
| EARL L. WALLACE, et al., | |
| Defendants. | |

Plaintiffs' counsel initiated this action in what appears to have been a sincerely held belief that the so-called "mortgage foreclosure crisis" arose as the result of multiple acts of wrongdoing by numerous parties involved in the origination, servicing, and foreclosures of secured home loans. Relying on *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S.Ct. 1605 (2010), plaintiffs' counsel came to the conclusion that attorneys who participate in the foreclosure process are potentially liable under the Fair Debt Collection Practices Act for "unfairly" evicting homeowners.

Plaintiffs voluntarily dismissed this action prior to the time the Court ruled on the sufficiency of the pleadings under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and there was never any discovery into or litigation of the merits of the claims. In the context of ruling on a request for preliminary relief, however, the Court identified several potential issues weighing against plaintiffs' chances of succeeding on the merits of their claims, at least to the extent they

were seeking to forestall or set aside foreclosure and eviction proceedings. Notably, the Court did not evaluate plaintiffs' probability of success on any claims for *damages*. Of course, even to the extent the Court concluded that plaintiffs had not shown a probability of success on the merits of any of their claims, that would not necessarily mean that there had been no tenable basis for bringing the complaint.

Prior to the time plaintiffs voluntarily dismissed the case, certain defendants moved under Rule 11 of the Federal Rules of Civil Procedure to recover attorney fees they incurred in defending the action. Some defendants also moved to strike the complaint pursuant to California's anti-SLAPP statute, California Code of Civil Procedure Section 425.16, and to recover attorney fees thereunder. Once plaintiffs dismissed, the Court issued an order noting that it at a minimum retained *discretion* to decide the Rule 11 motions, and it directed any defendant that still wished to pursue the issue to provide authority and argument as to (1) whether the Court was *obligated* to reach the Rule 11 motions, and (2) even if not obligated to do so, why the Court should exercise its discretion in favor of deciding the motions. The order similarly directed briefing on the same questions with respect to the anti-SLAPP motions.[1]

In response, one group of defendants, known as the Wallace defendants, filed a brief devoted almost solely to establishing the proposition that a court retains jurisdiction to award Rule 11 sanctions even after a voluntary dismissal. Defendant Steven D. Silverstein filed a brief re-arguing the merits of his Rule 11 motion, but did not address the questions posed by the Court. Silverstein also filed a brief arguing that jurisdiction still lies to award fees under the anti-SLAPP statute notwithstanding the dismissal, but it offered no analysis as to whether reaching that question is mandatory or at least the better exercise of discretion. Of the defendants who responded, only David R. Endres and the Endres Law Firm directly addressed the Court's inquiry. The Endres

---

[1] The Court has previously denied the anti-SLAPP motions as moot. To award attorney fees under the statute, the Court technically would first be required to decide the merits of the anti-SLAPP motions. *See Moore v. Liu*, 69 Cal.App.4th 745, 752 (1999) ("[T]he trial court's adjudication of the merits of a defendant's motion to strike is an essential predicate to ruling on the defendant's request for an award of fees and costs."). If it otherwise appeared appropriate to decide the anti-SLAPP fee issue, however, the Court would not be precluded from doing so merely because it found that the requests to strike the complaint were moot.

defendants effectively conceded that reaching the Rule 11 motions would be discretionary, but offered argument as to why they believed discretion should be exercised in favor of doing so in this instance.  As to the anti-SLAP motions, the Enders defendants offered authority that not only holds that a court *may* address the issue after a voluntary dismissal, but also arguably finding that it generally should do so.

Under all of the circumstances here, the Court declines to exercise its discretion to reach the merits of the Rule 11 motions.  While imposition of sanctions under Rule 11 can serve to compensate defendants for expenses they have incurred, "directly resulting from the violation," the primary purpose is to, "deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P 11(c)(4); *see also* Advisory Committee Notes to the 1993 amendments ("[T]he purpose of Rule 11 sanctions is to deter rather than to compensate.")   Furthermore, as the Supreme Court has observed, "the central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).  As such, it is important to ensure that, "efficiencies achieved through more effective operation of the pleading regimen will not be offset by the cost of satellite litigation over the imposition of sanctions." Advisory Committee Notes to the 1983 amendments.  Even assuming that there was never a tenable basis for any of the claims made in the complaint in this action, the efficacy of, and necessity for, sanctions as a deterrent is minimal, and does not warrant expending the judicial and party resources that deciding the motions would require.[2]

The Court further declines to decide the merits of the anti-SLAPP motions or the fee requests made in connection with those motions, for similar reasons.  Although at least one decision has asserted that defendants in state court proceedings have a "right" to a determination of the merits

---

[2] At the request of the Wallace defendants, the Court takes judicial notice of the fact that the California State Bar has initiated proceedings to suspend plaintiffs' counsel from the practice of law on an interim basis, pending disciplinary action against him for other conduct he is alleged to have engaged in during the course of challenging foreclosures and evictions.  Although this development does not ensure that counsel will be precluded from pursuing meritless litigation in the future, it further supports the conclusion that sanctions are not necessary for deterrent purposes at this juncture.

of anti-SLAPP motions, *see Moore*, *supra*, 69 Cal.App.4th at 750, defendants have not presented binding authority or compelling argument that they have such a right in the circumstances of this case. Moreover, even though the anti-SLAPP motions requested that the entire complaint be stricken, the statute does not apply to federal claims. *See Bulletin Displays, LLC v. Regency Outdoor Advertising, Inc.*, 448 F.Supp.2d 1172, 1180-81 (C.D. Cal. 2006); *Globetrotter Software, Inc. v. Elan Computer Group, Inc*. 63 F.Supp.2d 1127, 1130 (N.D.Cal. 1999). Accordingly, even assuming the motions would have resulted in the striking of state law claims, they would have left unaffected plaintiffs' primary claim against these defendants that they violated the federal Fair Debt Collection Practices Act. Accordingly, no further briefing on the merits of either the Rule 11 or the anti-SLAPP motions will be entertained, and those motions will be terminated.

IT IS SO ORDERED.

Dated: 3/30/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

4